**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117321



**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| Seung Eun Oh, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>Collecto, Inc. d/b/a EOS CCA,<br><br>　　　　　　　　　　　Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Seung Eun Oh, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Collecto, Inc. d/b/a EOS CCA (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.　　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Seung Eun Oh is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Collecto, Inc. d/b/a EOS CCA, is a Massachusetts Corporation with a principal place of business in Plymouth County, Massachusetts.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated March 25, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was received and read by Plaintiff.

24. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

25. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken

28. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

29. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

30. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

31. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

32. Defendant sent Plaintiff the Letter requesting additional information in regard to a dispute.

33. The Letter states in part, "If we have not received your documentation by 05/24/19, your claim will be closed and you will be held responsible for payment of all charges billed to your account."

34. The above statement would lead the least sophisticated consumer to believe that if he or she cannot provide additional information requested by Defendant, they can be legally held responsible for the alleged Debt.

35. The above statement would lead the least sophisticated consumer to believe that if he or she cannot provide additional information requested by Defendant legal action can be taken against them.

36. The above statement would lead the least sophisticated consumer to believe that if he or she cannot provide additional information requested by Defendant they can be sued for payment on the alleged Debt.

37. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

38. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

39. The least sophisticated consumer would likely be deceived by the Letter.

40. The least sophisticated consumer would likely be deceived in a material way by the Letter.

41. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) and is liable to Plaintiff therefor.

**CLASS ALLEGATIONS**

42. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

43. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

44. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

45. The Class consists of more than thirty-five persons.

4

46. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

48. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

49. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

      g.   Such other relief that the Court determines is just and proper.

DATED: February 12, 2020

                                 **BARSHAY SANDERS, PLLC**

                                   By:  /s/ *Craig B. Sanders*
                                   Craig B. Sanders, Esquire
                                   100 Garden City Plaza, Suite 500
                                   Garden City, New York 11530
                                   Tel: (516) 203-7600
                                   Fax: (516) 706-5055
                                   csanders@barshaysanders.com
                                   *Attorneys for Plaintiff*
                                   Our File No.: 117321