**DECLARATION OF FACTS AND SALE OF ACCOUNT
BY VERIZON WIRELESS TO US ASSET MANAGEMENT**

The undersigned declares and says:

1. I am the Supervisor of Litigation Support at Verizon Wireless ("Verizon"), the original creditor ("Original Creditor"), and I have personal knowledge of and access to Original Creditor's books and records ("Business Records"), including electronic records, relating to consumer credit accounts sold by Verizon Wireless to US Asset Management ("Debt Buyer"), on September **25, 2017** (the "Sale"), which included the account of the consumer Seung Eun Oh ( "Consumer").

2. As part of the Sale, Original Creditor assigned all of its interest in the Account, including the right to any proceeds from the Accounts, to Debt Buyer, and it transferred Business Records relating to the Account to Debt Buyer. Original Creditor did not maintain any of its Business Records after the transfer of the account. A true and correct copy of the bill of sale of the Account is attached as **Exhibit A** (as redacted).

3. In my position, I have personal knowledge of Original Creditor's procedures for creating and maintaining its Business Records, including it procedures relating to the sale of consumer accounts. Original Creditor's Business Records were made in the regular course of business and it was the regular course of such business to make the Business Records. The Business Records were made at or near the time of the events recorded by, or from information transmitted by, a person with knowledge. Based on my knowledge of Original Creditor's Business Records, I have personal knowledge of the facts set forth in this affidavit.

4. Original Creditor and Consumer were parties to a Verizon FiOS telephone and internet agreement ("Agreement"). Consumer agreed to pay Original Creditor for all goods, services and any and all penalties incurred with the termination of the account and/or failure to return equipment. The last invoice from the Original Creditor to the Consumer, dated November 13, 2015, is attached hereto as **Exhibit B** (as redacted) and made a part hereof. Consumer defaulted and a demand for payment was made by Original Creditor.

5. I have personal knowledge of Original Creditor's procedures for generating and mailing account statements to customers. It is the regular practice of Original Creditor's business to provide periodic account statements to its customers. Original Creditor sent account statements relating to the Consumer's Account to Consumer on the dates and for the amounts set for in **Exhibit C** (true and correct copy of Original Creditor invoices to Consumer dated May 13, 2015 through

October 13, 2015, as redacted). The account statements were mailed to Consumer's last known address and Original Creditor's Business Records do not reflect that the statements were returned by the post office or that the Consumer objected to them. A true and correct copy of the most recent account statement generated and mailed by Original Creditor is attached as Exhibit C to this affidavit.

6. At the time of Sale, Consumer owed the amount set forth in the Exhibits attached hereto and made a part hereof, which also sets forth the name of the Consumer; the last four digits of the Account number; the date and amount of the last payment, if any; the total amounts, if applicable, of any post-charge off interest and post-charge off fees and charges; and any post-charge-off credits or payments made by or on behalf of the Consumer; and the balance due at the time of the Sale. The above statements are true and correct to the best of my personal knowledge.

7. On or about December 21, 2020, Plaintiff's attorney Craig B. Sanders served a subpoena upon Verizon Communications, Inc., requesting the production of all documents and communications sent to Consumer concerning her account ending in 0001-89. A copy of this subpoena is attached as **Exhibit D** (as redacted).

8. Verizon Communications, Inc. responded to the subpoena via fax on December 22, 2020. A copy of Verizon Communications, Inc.'s response is attached as **Exhibit E** (as redacted). The response indicates that Verizon Communications, Inc. was not able to identify any documents, records or other materials responsive to Mr. Sanders' request, based upon the information provided. The response further indicates that there were no accounts found for the provided account number.

9. Unfortunately, Verizon Communications, Inc.'s response was incorrect as the representative working the subpoena did not see the account because it no longer belonged to Verizon. Upon further review of its records, Verizon Wireless did identify the account at issue, as **Exhibits A-C** document. Thus, contrary to the erroneous response provided to Mr. Sanders, there was in fact a Verizon Wireless account held by the Consumer and assigned an account number ending in 0001-89.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   May 25, 2021
         Westlake Village, CA

_____
Meryl Friedman
Supervisor Litigation Support