**GORDON REES SCULLY MANSUKHANI, LLP**
Lori J. Quinn
One Battery Park Plaza, 28th Fl.
New York, New York 10004
Phone: 212.453.0758
Facsimile: 212.269.5505
*Attorneys for Defendant Collecto, Inc., d/b/a EOS CCA*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SEUNG EUN OH,** *individually and on behalf of all others similarly situated,*<br><br>**Plaintiff,**<br><br>v.<br><br>**COLLECTO, INC., d/b/a EOS CCA,**<br><br>**Defendant.** | **Case No. 20-cv-01937-KM-ESK** |

### DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1(a) of the United States District Court for the District of New Jersey, defendant Collecto, Inc., d/b/a EOS CCA ("EOS") sets forth the following statement of material facts as to which there does not exist a genuine issue to be tried:

1. This case concerns Plaintiff's former Verizon Wireless ("Verizon") account, assigned Verizon account number ending in 0001 (the "Account"). ECF 1 at ¶¶ 14-20 & Ex. 1 thereto.

2. Verizon sold the Account to U.S. Asset Management, Inc. ("USAM") on September 25, 2017. Declaration of Meryl Friedman of Verizon ("Verizon Decl.") ¶¶ 1-2, 4-9 & Exhibits A-C.

3. Verizon and Plaintiff were parties to a Verizon FiOS telephone and internet agreement ("Agreement"). Verizon Decl. ¶ 4.

4. Under that agreement, Plaintiff agreed to pay Verizon for all goods, services and any and all penalties incurred with the termination of the Account and/or failure to return equipment. *Id.*

5. Accordingly, Verizon sent invoices to Plaintiff as her last known address, including monthly invoices dated from May 13, 2015, to November 31, 2015. *Id.* at ¶¶ 4-5 & Exhibits B-C.

6. Verizon's records do not reflect that the statements mailed to Plaintiff were returned by the post office or that Plaintiff objected to them. *Id.* at ¶ 5.

7. As of September 25, 2017, when Verizon sold Plaintiff's account to USAM, Plaintiff's account carried the balance reflected in the last invoice from Verizon to Plaintiff, dated November 13, 2015: $1,457.19. *Id.* at ¶ 6 & Ex. B.

8. On or about September 25, 2017, US Asset Management, Inc., placed the Account with EOS for collection. Ribeiro Declaration ("Ribeiro Decl.") ¶¶ 4-5 & Ex. F at EOS 0001; Ribeiro Deposition ("Ribeiro Dep.") at 27:2-23.

9. EOS sent its initial collection letter to Plaintiff on October 9, 2017, seeking to collect the total balance due of $1,457.19. Ribeiro Decl. ¶ 6 & Ex. F at EOS 0001; Ex. G at EOS 0033-0034; Ribeiro Dep. at 27:17-28:13.

10. On March 2, 2018, EOS called Plaintiff's number and spoke with a male who claimed to be Plaintiff. Ribeiro Dep. at 45:21-46:10; Ex. F at EOS 0007. The person disputed the debt. Ribeiro Dep. at 46:4-22 & Ex. F at EOS 0007.

11. Thereafter, EOS mailed a letter dated March 25, 2019, to Plaintiff (the "Letter"). ECF 1 at Ex. 1; Ribeiro Decl. at ¶ 8 & Ex. H.[1]

12. The Letter acknowledge the verbal dispute of the Account that EOS received and requested information from Plaintiff in order to investigate the dispute. Ribeiro Decl. Ex. H. To facilitate this, page 2 of the Letter is a blank "Affidavit of Forgery." *Id.*

13. The Letter explained that for EOS to resolve Plaintiff's dispute, it needed to "receive the completed copy of the attached affidavit (accompanied by any supporting documentation outlined within). Doing so may result in finding that you are not responsible for payment on this account." *Id.*

---

[1] Plaintiff attached a true and correct copy of the first of two pages of the Letter to her complaint. ECF 1 at Ex. 1. EOS provides both pages of the letter as Ribeiro Decl. Exhibit H.

14. Further, the Letter stated "If we have not received your documentation by 05/24/19, your claim will be closed and you will be held responsible for payment of all charges billed to your account." *Id.* & ECF 1 at ¶ 33.

15. Plaintiff was deposed, with the assistance of a Korean Interpreter, on January 28, 2021. Pl. Dep. at 2:1-22.

16. Plaintiff completed high school in Busan, South Korea and came to the United States in 2009. *Id.* at 10:20-11:6.

17. When Plaintiff was shown Exhibit 3A, a Verizon invoice from the Account dated July 13, 2015, she recognized her name on the invoice but denied ever having a Verizon account. *Id.* at 44:12-24 & Dep. Ex. 3A.

18. Asked if she called her family in Korea, Plaintiff answered that she does not call them there, rather she uses "talk or web." Pl. Dep. at 47:3-48:24. Despite Plaintiff's assertion, a review of every call appearing in the monthly Account invoices from May 13, 2015, through September 13, 2015, was placed to a number in South Korea. Verizon Decl. Ex. C.

19. When asked about the complaint in this action, Plaintiff stated that due to her lack of English skills, "I cannot even read it," she "could not remember about it" and that she could not read a document that is not in her native Korean language. *Id.* at 27:6-15; *see also id.* at 64:4-7 (Pl. does not "really open letters that much, because I don't understand

everything that well"); 75:7-10 (Pl. was unable to read a document because it was in English).

20. Shown a copy of the Letter at issue (Pl. Dep. Ex. 4F), Plaintiff did not remember it and said that she had not seen it before, but did recognize her name and her correct mailing address thereon. Pl. Dep. 64:16-65:23.

21. On or about December 21, 2000, Plaintiff's attorney Craig B. Sanders served a subpoena upon Verizon Communication, Inc., requesting the production of all documents and communications sent to Plaintiff concerning her account ending in 0001-89. Verizon Decl. ¶ 7. A copy of this subpoena is attached to the Verizon Declaration as Exhibit D. *Id.*

22. Verizon Communications, Inc. responded to the subpoena via fax on December 22, 2020. *Id.* at ¶ 8. A copy of this response is attached to the Verizon Declaration as Exhibit E (as redacted). *Id.*

23. The response indicates that Verizon Communications, Inc. was not able to identify any documents, records or other materials responsive to Mr. Sanders' request, based upon the information provided. Id. The response further indicates that there were no accounts found for the provided account number. *Id.*

24. Verizon Communications, Inc.'s response was incorrect as the representative working the subpoena did not see the account because it no longer belonged to Verizon. *Id.* at ¶ 9.

25. Upon further review of its records, Verizon Wireless did identify the account at issue, as Exhibits A-C document. *Id.*

26. Thus, contrary to the erroneous response provided to Mr. Sanders, there was in fact a Verizon Wireless account held by Plaintiff and assigned an account number ending in 0001-89. *Id.*

| | |
|---|---|
| Dated: New York, New York<br>June 1, 2021 | Respectfully Submitted,<br><br>**GORDON REES SCULLY MANSUKHANI, LLP**<br><br>*/s/ Lori J. Quinn*<br>Lori J. Quinn<br>One Battery Park Plaza, 28th Fl.<br>New York, New York 10004<br>Phone: 212.453.0758<br>Facsimile: 212.269.5500<br>ljquinn@grsm.com<br>*Attorneys for Defendant Collecto, Inc., d/b/a EOS CCA* |