**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SEUNG EUN OH, individually and on behalf of all others similarly situated,    )<br>)<br>)<br>)<br>Plaintiff,    )<br>)<br>vs.    )<br>)<br>COLLECTCO, INC. d/b/a EOS CCA,    )<br>)<br>Defendant.    )<br>) | CIVIL ACTION NO.: 2:20-cv-1937-KM-ESK<br><br>MOTION DATE:7/19/2021<br><br>Judge: Kevin McNulty<br>Magistrate: Edward S. Kiel |

**MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

**BARSHAY SANDERS, PLLC**

Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ....................................................................................................4

ARGUMENT ........................................................................................................................6

    I.   STANDARDS OF REVIEW.....................................................................................8

    i.   Standard of Review – Motion for Summary Judgment.................................8

    ii.  Standard of Review – the Least Sophisticated Debtor ................................10

    II.  PLAINTIFF HAS ARTICLE III STANDING............................................11

    III. THERE ARE QUESTIONS OF FACT WHICH REQUIRE THAT
          DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE
          DENIED..................................................................................................14

CONCLUSION ...................................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*Allen ex. rel, Martin v. LaSalle Bank, N.A.*,
    629 F.3d 364 (3d Cir. 2011) ...................................................................................17

*Anderson v. Liberty Lobby, I*nc.,
    477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .......................................9

*Baker v. G.C. Services Corp.*,
    677 F.2d 775 (9th Cir. 1982) ................................................................................11

*Benali v. AFNI, Inc.*,
    No. CV 15-3605-BRM-DEA, 2017 WL 39558 (D.N.J. Jan. 4, 2017).......... 13, 14

*Brown v. Card Serv. Ctr.*,
    464 F.3d 450 (3d Cir. 2006) ...................................................................................10

*Campuzano–Burgos v. Midland Credit Mgmt.*,
    550 F.3d 294 (3d Cir. 2008) ...................................................................................10

*Conboy v. United States Small Bus. Admin.*,
    992 F.3d 153 (3d Cir. 2021) ...................................................................................17

*Curley v. Klem*,
    298 F.3d 271 (3d Cir. 2002) .....................................................................................9

*Escobar v. Midland Credit Mgmt.*,
    No. 3:18-CV-819 (MPS), 2019 WL 3751486 (D. Conn. Aug. 8, 2019)..............17

*Henderson v. Gen. Revenue Corp.*,
    No. 7:17CV00292, 2019 WL 4148172 (W.D. Va. Aug. 30, 2019) ....................17

*Jensen v. Pressler & Pressler*,
    791 F.3d 413 (3d Cir. 2015) ...................................................................................11

*Josey v. John R. Hollingsworth Corp.*,
    996 F.2d 632 (3d Cir. 1993) .....................................................................................9

*Kaucher v. County of Bucks*,
  455 F.3d 418 (3d Cir. 2006) ...............................................................................8

*Lee v. Kucker & Bruh, LLP*,
  958 F. Supp. 2d 524 (S.D.N.Y. 2013) ..............................................................17

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ....................................12

*Maddox v. Bank of New York Mellon Tr. Co., N.A.*,
  997 F.3d 436 (2d Cir. May 10, 2021)................................................................13

*Marino v. Indus. Crating Co.*,
  358 F.3d 241 (3d Cir. 2004) ...............................................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ....................................9

*Raytman v. Jeffrey G. Lerman, P.C.*,
  No. 17 CIV. 9681 (KPF), 2018 WL 5113952 (S.D.N.Y. Oct. 19, 2018) ............17

*Rodriguez v. Northland Grp., LLC*,
  No. CV 18-7692(FLW), 2018 WL 6567705 (D.N.J. Dec. 13, 2018) .................11

*Rosenau v. Unifund Corp.*,
  539 F.3d 218 (3d Cir. 2008) .............................................................................10

*Sanchez v. Ehrlich*,
  No. 16-CV-8677 (LAP), 2018 WL 2084147 (S.D.N.Y. Mar. 29, 2018) .............17

*Smith v. Transworld Systems, Inc.*,
  953 F.2d 1025 (6th Cir. 1992) ..........................................................................11

*Spokeo, Inc. v. Robins*,
  578 U. S. 330, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) ............................. 12, 13

*TransUnion LLC v. Ramirez*,
  No. 20-297, 2021 WL 2599472 (U.S. June 25, 2021) ................................. 12, 13

iii

*U.S. v. National Financial Services, Inc.*,
  98 F.3d 131 (4th Cir. 1996) ................................................................................11

*Vangorden v. Second Round, Ltd. P'ship*,
  897 F.3d 433 (2d Cir. 2018) ...............................................................................17

*Weldy v. Piedmont Airlines, Inc.*,
  985 F.2d 57 (2d Cir. 1993) .................................................................................13

*Wilson v. Quadramed Corp.*,
  225 F.3d 350 (3d Cir.2000) .......................................................................... 10, 11

*Wong v. Alternative Claims Mgmt., LLC*,
  No. 17 CIV. 3133 (ER), 2017 WL 5635533 (S.D.N.Y. Nov. 22, 2017)..............17

**STATUTES**

15 U.S.C.
  § 1692a(3)..........................................................................................................4
  § 1692a(6)..........................................................................................................4

**RULES**

Fed. R. Civ. P. 56(c)..............................................................................................8
Fed. R. Civ. Pro. 56...............................................................................................1

Plaintiff Seung Eun Oh ("*Plaintiff*") submits the instant Memorandum in opposition to the motion of Defendant Collectco, Inc. d/b/a EOS CCA ("*Defendant*"), which seeks summary judgment pursuant to Fed. R. Civ. Pro. 56.

## PRELIMINARY STATEMENT

Defendant asks this Court to grant it summary judgment on the grounds that its collection letter was not false, deceptive or misleading. Defendant's motion must be denied insofar as its argument is not supported by the record and, even in Defendant's best-case scenario, there are questions of fact which cannot be decided in the context of the instant motion.

The primary issue in this case is whether Plaintiff owes a debt to Verizon in connection with an account for television, internet and landline telephone services. Although Defendant maintains that there are no questions of fact in this regard, the evidence shows otherwise. More specifically, the evidence before the Court shows that Verizon provided responses to a subpoena served by Plaintiff, which responses indicate that Verizon could find no account associated with the number provided by Defendant in its collection letter and could not find any account existing under Plaintiff's name. In other words, the evidence adduced in discovery shows that Defendant did attempt to collect a debt not owed—a clear violation of the FDCPA.

1

Not to be deterred, however, in moving for summary judgment, Defendant offers the Declaration of Meryl Friedman,[1] a supervisor  Litigation Support at Verizon   Wireless, who attempts to disavow Verizon's responses to Plaintiff's subpoena.  More specifically, the Friedman Declaration claims that responses to the subpoena provided the department responsible for responding to same were purportedly erroneous, because, in rendering the subpoena response, the department did not look to accounts sold by Verizon.  *Dkt. No.* 21-1 @ ¶ 8. Friedman avers that if it had, the persons responsible for responding to the subpoena would have given a different response.  Friedman makes this statement, despite confirming that Verizon does not have <u>any</u> records <u>at all</u> pertaining to the subject account.[2]

In light of the foregoing, even if the evidence were viewed in a light most favorable to Defendant—which is not the standard—the Court would necessarily need to find a question of fact arising from Defendant's conflicting statements: (i) that Verizon could not find the record of any account bearing the number set forth in Defendant's collection letter (in response to Plaintiff's subpoena)[3]; and (ii) that a person employed by Verizon <u>Wireless</u> found that a review of Verizon's (not Wireless') records show that there was such an account; this despite affirmatively

---

[1]     An individual who identifies herself as the "Supervisor of Litigation Support at Verizon Wireless."

[2]     "Original Creditor did not maintain any of its Business Records after the transfer of the account." *Dkt. No.* 21-1 @ ¶ 2

[3]     *Dkt. No.* 21-1 @ ¶8

2

stating that Verizon had retained no Business Records at all related to the purported account. [*Id.* @ ¶2]. In fact, every attestation in the affidavit is based on a review of non-existent Business Records by a witness with absolutely no personal knowledge beyond the review of the non-existent records.

Assuming *arguendo* that the Court could get past this point, which Plaintiff avers it should not, the motion would still need to be denied insofar as there remains a major and certainly disputed question of fact. More specifically, even if Verizon could establish that it did have an account ending in 0001, and that there was a balance due and owing on that account, and even that the account was in the name of Seung Oh, that would still not establish that the debt as alleged was owe by Plaintiff. To the contrary, the underlined evidence shows that Plaintiff never resided at the service address to which the landline services were provided or never had an account of any kind with Verizon.

In other words, even if Defendant could establish the existence of a Verizon account ending in 0001 and that a balance is owed thereon, it would not establish that such debt is owed by *Plaintiff*. Instead, it would merely remove one layer of fraud from the salient facts (i.e. that Verizon did have an account opened under that number). Insofar as Plaintiff did not reside at the address to which the landline services were provided and did not ever have an account with Verizon, and Defendant is unable to produce a single document which attached Plaintiff to the

3

account at issue (i.e. anything with Plaintiff's signature or social security number), a reasonable jury would have to find in favor of Plaintiff.

It is axiomatic and a clear violation of the FDCPA for a debt collector to attempt to collect a debt not owed and, insofar as there are questions of fact as to whether Verizon can verify the existence of an account ending in 0001 and/or whether such account ever belonged to Plaintiff, Defendant's motion must be denied.

## STATEMENT OF FACTS

The facts of this case are taken from Plaintiff's response to Defendant's Statement of Material Facts (the "*RSUF*") unless otherwise indicated.

Plaintiff is an individual who is a citizen of the State of New Jersey residing in Ridgefield, New Jersey. *Declaration of Seung Eun Oh* (the "*Oh Decl.*") at ¶ 1. Plaintiff is a natural person allegedly obligated to pay a debt and, therefore, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). *Defendant's Responses to Plaintiff's Request for Admissions* at ¶¶ 2-3. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *Id.* at ¶ 12.

This case concerns a debt allegedly owed by Plaintiff to "Verizon Wireless" [sic.] in connection with an account number ending in 0001. *Dkt. No. 23* (*Defendant's Statement of Material Facts*) at ¶ 1 (the "*alleged Debt*"). The alleged Debt arises out of an account for television, internet and landline telephone services

4

provided to a person residing at 60 Henry Ave., Apt. A, Palisades Pk, NJ  07650-2458 (the "*Henry Ave. Address*").  *Dkt. No.* 21-4.

In its attempt to collect the alleged Debt, Defendant sent a letter to Plaintiff dated October 9, 2017.  *RSUF* at ¶ 9.  The October 9 letter was sent to the Henry Ave. Address.  *Dkt. No.* 21-9.  In furtherance of its efforts to collect the alleged Debt, Defendant placed a call to Plaintiff's cell phone on March 2, 2018.  *RSUF* at ¶ 10. During that phone call, Plaintiff (through her husband) disputed the alleged Debt on the grounds that she never resided at the Henry Ave. Address and never had an account with Verizon.  *Dkt. No.* 21-11 at 46:4-23.

Plaintiff never resided at the Henry Ave. Address.  *RSUF* at ¶¶ 5, 9, 10, 20, 26.  Moreover, Plaintiff never had an account with Verizon, nor did anyone in her family. *Dkt. No.* 21-12 at 44:22-24; 45:11-15.  Plaintiff did not have a landline phone in 2015. *Oh Decl.* at ¶ 7.  Plaintiff was never a party to any agreement with Verizon. *Id.* at ¶ 10.  Plaintiff never agreed to pay Verizon any monies for any goods or services ordered from it, because she did not order or receive any goods or services from Verizon at any time.  *Id.* at ¶ 11.

In discovery, Verizon responded to a subpoena served by Defendant indicating that it has no records pertaining to any account bearing the number set forth in Defendant's collection letter(s).  *Dkt. No.* 21-6.  This position is confirmed by the declaration of Meryl Friedman. *Dkt. No.* 21-1 at ¶ 2.  Notwithstanding the

5

foregoing, the Friedman Declaration asserts that Plaintiff and Verizon were parties to an agreement which gives rise to the alleged Debt. *Dkt. No.* 21-1 at ¶ 4. This, despite the fact that Friedman affirmatively states that Verizon is not in possession of any documents pertaining to the alleged Debt, and that the putative agreement is not annexed to the Declaration. In the absence of any signed agreement between Plaintiff and Verizon, and given Verizon's repeated admissions that no such records exist, Defendant has failed to show an entitlement to summary judgment.

## ARGUMENT

In moving for summary judgment, Defendant asks this Court to accept at least two premises that are not supported by the record. First, Defendant asks this Court to find that it validly purchased a defaulted debt owed to Verizon in connection with an account ending in 0001. Second, Defendant asks this Court to find that Plaintiff is the person responsible for paying such debt. The Court should decline Defendant's invitation as to each of these arguments

As to the first point, both Verizon's response to Plaintiff's subpoena and the Declaration of Meryl Friedman confirm that Verizon has no records pertaining to an account ending in 0001. Therefore, the Court should find Ms. Friedman's attempt to disavow Verizon's response to the subpoena to be unavailing, insofar as her testimony is based on the purported review of documents that she affirmatively avers Verizon does not possess. Insofar as Ms. Friedman testified

6

that the basis of her testimony was the review of Verizon's records (*Dkt. No. 21-1 @ ¶1*), and also testified that Verizon retained no records of the account at the time of the drafting of her affidavit (*Id. @ ¶2*), it is beyond cavil that she lacks any foundation for the speculation that forms the entirety of her testimony thereafter.

As to the second point, the undisputed evidence shows that Plaintiff did not reside at the address to which the services were provided and that Plaintiff did not ever have an account with Verizon. The undisputed evidence further shows that Defendant acknowledged Plaintiff's dispute on these grounds. In light of the foregoing, the Court should find that Defendant's repeated reference to "Plaintiff's former Verizon Wireless account" and "Plaintiff's last known address" to be little more than an artifice designed to distract the Court from the fact that Defendant possesses (and the record reflects) no information to validate either statement. Indeed, the account—to the extent it exists—was not a "Verizon Wireless account." Instead, the account—to the extent it exists—was for a landline, TV and internet bundle. Further, the undisputed evidence shows that the Henry Ave Address was not Plaintiff's "last known address" but, instead, is an address at which Plaintiff never resided.

Therefore, even if the Court could get past the significant foundational deficits and inconsistencies in the Friedman affidavit, Defendant has still failed to establish – little less overcome – the allegation that Plaintiff is responsible for the

7

account. Further, in the absence of a signed agreement between Plaintiff and Verizon (none exists), there are questions of fact as to whether Verizon ever had such an account and, if it did, whether it was as a result of identity theft or was opened by a person with a name similar to that of Plaintiff; only one of these things can be true, in that Plaintiff never resided at the Henry Ave address. For all of the above reasons, Defendant's motion for summary judgment must be denied.

## I.    STANDARDS OF REVIEW

In determining whether Defendant has shown cause to grant it summary judgment, the Court should be mindful of two legal tenets. In no particular order, they are the rules pertaining to the grant of summary judgment in general and those applying the "least sophisticated debtor" standard under the FDCPA.

### i.    Standard of Review – Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *Anderson v. Liberty Lobby, I*nc., 477

8

U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' " *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) ((purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial"); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

As Defendant correctly acknowledges, summary judgment must be denied "if a disputed fact exists which might affect the outcome of the suit under the controlling substantive law." Def. Mem. at p. 2 (citing *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (citing *Anderson*, 477 U.S. at 248)). Although Defendant acknowledges the proper standard, it wrongfully concludes that it is entitled to summary judgment in this action, insofar as the very record on which it relies shows that there are disputed questions of fact as to whether the alleged Debt exists at all and, if it does, whether Plaintiff is responsible for payment of same.

9

### ii.   Standard of Review – the Least Sophisticated Debtor

The FDCPA authorizes private causes of action to debtors who have suffered the use of abusive, deceptive, and unfair debt collection practices. In determining whether a communication from a debt collector violates the FDCPA, a court must analyze the debt collector's statements from the perspective of the "least sophisticated debtor" (*Campuzano–Burgos v. Midland Credit Mgmt*., 550 F.3d 294, 301 (3d Cir. 2008)) (the "*LSD*"), in order to protect "all consumers, the gullible as well as the shrewd." *Rosenau v. Unifund Corp*., 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr*., 464 F.3d 450, 453 (3d Cir. 2006)). This standard is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown,* at 454 (quoting *Wilson v. Quadramed Corp*., 225 F.3d 350, 354 (3d Cir.2000)) (internal quotation marks omitted).

As the Third Circuit has explained, the "lower [LSD] standard comports with a basic purpose of the FDCPA ... to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Id*. (internal citations omitted) (alteration added). That said, the LSD standard is nonetheless designed to "preserv[e] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read [a collection notice] with care." *Wilson*, 225 F.3d at 354–55 (internal quotations and citations omitted) (alteration added).

10

"The [LSD] perspective is a well-established legal principal recognized throughout the Courts of Appeals." *Rodriguez v. Northland Grp., LLC*, No. CV 18-7692(FLW), 2018 WL 6567705, at \*3 (D.N.J. Dec. 13, 2018), citing *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). "Further, the Third Circuit has held that the [LSD] perspective is consistent with "basic consumer-protection principles" that are at the heart of the FDCPA's purpose." *Id.* citing *Wilson*, 225 F.3d at 354. Further, because the FDCPA is a remedial statute, its provisions must be liberally construed in favor of the LSD. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015).

## II.   <u>PLAINTIFF HAS ARTICLE III STANDING</u>

In the first prong of its motion, Defendant argues that Plaintiff's claims are subject to dismissal because she purportedly lacks Article III standing. Defendant's argument in this regard is based on the sole contention that Plaintiff purportedly could not read nor remembered receiving the letter. Defendant's argument in this regard is misplaced, insofar as the evidence shows that Plaintiff was actually harmed by Defendant's collection efforts, even if she was unable to read the letter—without assistance—during her deposition. Plaintiff herein is not complaining of a technical violation in the letter but, rather, that the entirety of Defendant's collection and reporting of the Debt concretely harmed her financially and reputationally.

11

To establish Article III standing, "a plaintiff must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Most recently, the Supreme Court clarified that an injury will only be "concrete" where it is "real and not abstract." *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, at *6 (U.S. June 25, 2021) (quoting *Spokeo, Inc. v. Robins,* 578 U. S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016)).  Continuing, the Supreme Court observed that a plaintiff may not proceed in federal court where she is "merely seeking to ensure a defendant's 'compliance with regulatory law'," but may do wo where, as here, she is seeking to redress a harm that has actually befallen herself. *TransUnion LLC,* 2021 WL 2599472, at *8.

In this case, the evidence shows that Plaintiff became aware of her basis for bringing this lawsuit "when [she] got [her] credit report issued." (*Dkt. No. 21-12* at 13-19) and received a collection letter demanding payment to an unknown entity (U.S. Asset Management) related to an original debt which was not hers.  That is because Plaintiff never had an account with Verizon, nor did anyone in her family. *Id.* at 44:22-45:15.  Under similar circumstances, the Second Circuit recently found that such an injury would satisfy the "injury in fact" requirement of Article III,

12

insofar as the reporting of a debt already paid as being owed "has a close relationship to [multiple] harm[s] that ha[ve] traditionally been regarded as providing a basis for lawsuit in English or American courts," as being a 'reputational based harm,' by, among other things, making her look less creditworthy than she is. *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 997 F.3d 436, 446-447 (2d Cir. May 10, 2021) (citing *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 61-62 (2d Cir. 1993) (discussing elements to establish *prima facie* claim of slander); see also *Spokeo*, 136 S. Ct. at 1549 (noting libel and slander *per se* as being actionable)). Nothing in the Supreme Court's recent decision in *TransUnion* disturbs this analytic. Indeed, the *TranUnion* Court held that the publication of false information on a credit report is sufficient to show a concrete harm for purposes of establishing Article III standing.

In light of the foregoing, Defendant's near-singular reliance on the holding in *Benali v. AFNI, Inc.*, No. CV 15-3605-BRM-DEA, 2017 WL 39558 (D.N.J. Jan. 4, 2017) is misplaced, insofar as *Benali* is readily distinguishable. In *Benali,* the consumer complained that a letter he received violated the applicable provisions of the FDCPA by indicating that payments made electronically to the debt collector would be subject to a $4.95 processing fee. To this end, the consumer alleged that the letter violated the FDCPA by seeking to collect an amount that was neither authorized by law nor contract.

The Court found that Benali lacked Article III standing on the grounds that

13

the violation complained of was a "bare procedural violation" in that Benali had not sought to make an electronic payment to the debt collector and, therefore, was not harmed by the statement—even if it was otherwise a violation. The holding in *Benali* is unremarkable, to the extent that it merely stands for the premise that an FDCPA plaintiff must show that the violation complained of harmed him or her in an individual and particularized way—even if that injury is intangible. That is because an intangible injury may nonetheless satisfy Article III's "concreteness" requirement, as long as there 'is some interest that is affected by the deprivation … beyond the mere procedural violation. *Benali,* 2017 WL 39558 at * 5. Quite frankly that holding has no correlation to the facts at issue in this case. Here, the injury complained of is not a bare procedural violation, nor is it a theoretical harm but, rather, is one that has impacted Plaintiff in a myriad of direct and concrete ways. Because courts have recognized that the reporting of a debt not owed is tantamount to a reputational injury recognized at common law, as set forth *supra,* the Court should find that Plaintiff has Article III standing and reject Defendant's argument on this point.

### III. THERE ARE QUESTIONS OF FACT WHICH REQUIRE THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED

The primary reason for which Defendant's motion for summary judgment must be denied is that there are questions of fact as to whether the alleged Debt was

14

actually owed by Plaintiff. While its moving brief all but ignores this argument, the record evidence shows that Verizon has no records of the existence of any account or debt under the account number provided by Defendant in its collection letter. The record further shows that neither Verizon nor Defendant's client U.S. Asset Management, has any documents which establish that Plaintiff opened an account with Verizon or is responsible for the debt at issue.

Defendant's reliance on the Friedman Declaration is erroneous, insofar as the first decretal paragraph thereof confirms that Verizon does not have any records pertaining to the alleged Debt, insofar as any such records would have been purged immediately following the purported sale of the alleged Debt to U.S. Asset Management. *Dkt. No.* 21-1 at ¶ 2. Notwithstanding the foregoing, Ms. Friedman goes on to state that her review of the non-existent records show that "[Verizon" and [Plaintiff} were parties to a Verizon FiOS telephone and internet agreement." *Id.* at ¶ 4. Although Ms. Friedman makes this representation, she does not provide a copy of the alleged agreement, nor can she, insofar as she has affirmatively stated that Verizon has no such document. In the absence of such proof, there is no basis for Ms. Friedman's contention (in her capacity as Supervisor of Litigation Support for Verizon Wireless) that Verizon Communication, Inc.'s response to Plaintiff's subpoena was incorrect or that Plaintiff had a Verizon FiOS telephone and internet agreement.

15

Ms. Friedman's knowledge of the facts alleged in her declaration cannot be based on personal knowledge or recollection, insofar as it is simply implausible to believe that she would have an independent recollection of any facts pertaining to this account, as it is one of hundreds of thousands (if not millions) of accounts held by Verizon Communication, Inc. and/or Verizon and/or Verizon Wireless. Further to this point, Ms. Freidman averred that her knowledge was based on her familiarity with Verizon's record keeping schema. Therefore, it defies credulity that Ms. Friedman could attest to any facts pertaining to the account alleged to exist here— when she specifically states that Verizon has no such records. What, if anything, did Ms. Friedman review in preparing her declaration? Are there documents that were not provided despite both the earlier subpoena and Ms. Friedman's averment that the prior response was in error (if in error where are the responsive documents)? Since there are no records Ms. Friedman could have reviewed, is the declaration based on conjecture and/or speculation? The very fact that these questions must be reasonably asked mandates denial of Defendant's motion. As noted earlier, even if Defendant could overcome these issues a reasonable jury should still find the evidence that Plaintiff never lived at the Henry Ave Address and never had an account with Verizon sufficient to return a verdict in her favor.

Further to this point, numerous Courts have found that "the misstating of a debt obligation, ***especially the misstatement of the very existence of such an***

16

***obligation***, is no 'mere technical falsehood,' and may mislead the least sophisticated consumer." *Escobar v. Midland Credit Mgmt.*, No. 3:18-CV-819 (MPS), 2019 WL 3751486, at *7 (D. Conn. Aug. 8, 2019) (emphasis added); *Henderson v. Gen. Revenue Corp.*, No. 7:17CV00292, 2019 WL 4148172 (W.D. Va. Aug. 30, 2019); *Raytman v. Jeffrey G. Lerman, P.C.*, No. 17 CIV. 9681 (KPF), 2018 WL 5113952, at *4 (S.D.N.Y. Oct. 19, 2018) (misstating debt obligation violates the FDCPA) (citing *Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 442 (2d Cir. 2018) ("even a partial misstatement of a consumer's debt obligation can be misleading under the FDCPA"); *Sanchez v. Ehrlich*, No. 16-CV-8677 (LAP), 2018 WL 2084147, at *5 (S.D.N.Y. Mar. 29, 2018) (the statute "places the burden on the debt collector to avoid collecting debt improperly, including attempting to collect debt that is not actually owed") (citing *Lee v. Kucker & Bruh, LLP*, 958 F. Supp. 2d 524 (S.D.N.Y. 2013) (same); *Wong v. Alternative Claims Mgmt., LLC*, No. 17 CIV. 3133 (ER), 2017 WL 5635533, at *1 (S.D.N.Y. Nov. 22, 2017).

The Third Circuit has repeatedly affirmed the maxim that the FDCPA is a strict liability statute, and that liability will attach even without proof of an intentional violation. *Conboy v. United States Small Bus. Admin.*, 992 F.3d 153, 161 (3d Cir. 2021) (quoting *Allen ex. rel, Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011). Under the circumstances where Defendant's proffer suffers the severe credibility and foundational concerns, and even if it did not suffer these

deficits still would not resolve the factual dispute established by Plaintiff that this was not her account nor service address, the Court must find questions of material facts requiring the denial of Defendant's motion for summary judgment.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that, when the evidence is viewed in a light most favorable to Plaintiff, the Court must find that Defendant's motion for summary judgment must be denied, together with such other and further relief as this Court deems just, equitable and proper.

Dated:    Garden City, New York
          July 6, 2021

                              Respectfully submitted,

                              BARSHAY SANDERS, PLLC

                    By:    *Craig B. Sanders, Esq.*
                           100 Garden City Plaza, Suite 500
                           Garden City, New York 11530
                           Tel: (516) 203-7600
                           Fax: (516) 706-5055
                           csanders@barshaysanders.com
                           *Attorneys for Plaintiff*

18