# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SEUNG EUN OH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 20-cv-01937-KM-ESK |
| vs. | ) ) | MOTION DATE:7/19/2021 |
| COLLECTCO, INC. d/b/a EOS CCA, | ) ) ) | Judge: Kevin McNulty Magistrate: Edward S. Kiel |
| Defendant. | ) ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(b)

Plaintiff Seung Eun Oh ("*Plaintiff*"), by and through her undersigned counsel, hereby submits the following pursuant to Local Civil Rule 56.1(b) in reply to the Statement of Undisputed Material Facts submitted by Defendant Collectco, Inc. d/b/a EOS CCA ("*Defendant*"), as follows:

1.      This case concerns Plaintiff's former Verizon Wireless ("Verizon") account, assigned Verizon account number ending in 0001 (the "Account"). ECF 1 at ¶¶ 14-20 & Ex. 1 thereto.

> **Response:** Disputed.  Plaintiff did not enter into any agreement with Verizon or anyone acting on its behalf.  *See Accompanying Declaration of Seung Eun Oh* (the "*Oh Decl.*") at ¶¶ 7-11;  *Dkt. No.* 21-11 (excerpts from deposition of Ben Ribiero) at 46:4-22 (acknowledging a call between Defendant and Plaintiff's husband wherein the latter disputed the debt on the grounds that Plaintiff never had an account with Verizon); *Dkt. No.* 21-12 (excerpts from deposition of Plaintiff) at 44: 22-24 (Q: Did you ever have an account with

1

Verizon? A: No) and at 45:11-15 (Q: Has anyone in your family or household from 2009 to present ever had an account with Verizon? A: No). Notwithstanding the foregoing, it is not disputed that the letter forming the basis of the Complaint filed in this action identifies a Verizon account ending in 0001.

2.       Verizon sold the Account to U.S. Asset Management, Inc. ("USAM") on September 25, 2017. Declaration of Meryl Friedman of Verizon ("Verizon Decl.") ¶¶ 1-2, 4-9 & Exhibits A-C.

**Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as the contention that Verizon purportedly sold an account ending in 0001 has no bearing on the question of whether Defendant sought to collect a debt not owed by Plaintiff. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Subject to and without waiving the foregoing objection, this statement is disputed as Verizon's response to Plaintiff's subpoena indicates that Verizon could not locate any account with full account number identified. *Dkt. No.* 21-6. This statement is further disputed to the extent that the Declaration of Meryl Friedman confirms that Verizon has no records pertaining to this alleged account. *Dkt. No.* 21-1 at ¶ 2.

3.       Verizon and Plaintiff were parties to a Verizon FiOS telephone and internet agreement ("Agreement"). Verizon Decl. ¶ 4.

**Response:** Disputed. While the Declaration of Meryl Friedman refers to a telephone and internet agreement between Plaintiff and Verizon, no such agreement is annexed to the Friedman Declaration. Further, the Friedman Declaration affirmatively states that Verizon has no documents or records pertaining to this alleged account. This statement is further disputed insofar as the testimony shows that Plaintiff did not enter into any agreement with Verizon or anyone acting on its behalf. *Oh Decl.* at ¶¶ 7-11; *Dkt. No.* 21-11

2

(excerpts from deposition of Ben Ribiero) at 46:4-22 (acknowledging a call between Defendant and Plaintiff's husband wherein the latter disputed the debt on the grounds that Plaintiff never had an account with Verizon); *Dkt. No.* 21-12 (excerpts from deposition of Plaintiff) at 44: 22-24 (Q: Did you ever have an account with Verizon? A: No) and at 45:11-15 (Q: Has anyone in your family or household from 2009 to present ever had an account with Verizon? A: No).

4.      Under that agreement, Plaintiff agreed to pay Verizon for all goods, services and any and all penalties incurred with the termination of the Account and/or failure to return equipment. Id.

**Response:** Disputed.  While the Declaration of Meryl Friedman refers to a telephone and internet agreement between Plaintiff and Verizon, no such agreement is annexed to the Friedman Declaration.  Further, the Friedman Declaration affirmatively states that Verizon has no documents or records pertaining to this alleged account.  This statement is further disputed insofar as the testimony shows that Plaintiff did not enter into any agreement with Verizon or anyone acting on its behalf.  *Oh Decl.* at ¶¶ 7-11; *Dkt. No.* 21-11 (excerpts from deposition of Ben Ribiero) at 46:4-22 (acknowledging a call between Defendant and Plaintiff's husband wherein the latter disputed the debt on the grounds that Plaintiff never had an account with Verizon); *Dkt. No.* 21-12 (excerpts from deposition of Plaintiff) at 44: 22-24 (Q: Did you ever have an account with Verizon? A: No) and at 45:11-15 (Q: Has anyone in your family or household from 2009 to present ever had an account with Verizon? A: No).

5.      Accordingly, Verizon sent invoices to Plaintiff as her last known address, including monthly invoices dated from May 13, 2015, to November 31, 2015. Id. at ¶¶ 4-5 & Exhibits B-C.

**Response:**  Disputed.  The invoices referenced as Exhibits B and C were sent to:  60 Henry Avenue, Apt. A, Palisades Park, NJ  07650.  *See Dkt. Nos.* 21-3

and 21-4. Plaintiff never lived at this address. *Oh Decl.* at ¶ 6. Defendant offers no support for its contention that the Henry Avenue address was Plaintiff's "last known address" or any address of Plaintiff.

6. Verizon's records do not reflect that the statements mailed to Plaintiff were returned by the post office or that Plaintiff objected to them. Id. at ¶ 5.

**Response:** Disputed. This statement is not supported by evidence in admissible form, to the extent that it relies on the Declaration of Meryl Friedman, however, the Friedman Declaration affirmatively states that Verizon is not in possession of any records pertaining to this account. *Friedman Decl.* at ¶ 2. Therefore, the Friedman Declaration lacks any foundation for making this statement.

7. As of September 25, 2017, when Verizon sold Plaintiff's account to USAM, Plaintiff's account carried the balance reflected in the last invoice from Verizon to Plaintiff, dated November 13, 2015: $1,457.19. Id. at ¶ 6 & Ex. B.

**Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as the contention that Verizon purportedly sold an account ending in 0001 has no bearing on the question of whether Defendant sought to collect a debt not owed by Plaintiff. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Subject to and without waiving the foregoing objection, this statement is disputed insofar as it is not supported by evidence in admissible form. The statement relies on the Declaration of Meryl Friedman as the source of its support, however, the Friedman Declaration affirmatively states that Verizon is not in possession of any records pertaining to this account. *Friedman Decl.* at ¶ 2. Therefore, the Friedman Declaration lacks any foundation for making this statement.

8.       On or about September 25, 2017, US Asset Management, Inc., placed the Account with EOS for collection. Ribeiro Declaration ("Ribeiro Decl.") ¶¶ 4-5 & Ex. F at EOS 0001; Ribeiro Deposition ("Ribeiro Dep.") at 27:2-23.

> **Response:** Objection.  This is not a "material fact" within the meaning of Rule 56, insofar as the contention USAM placed an account with Defendant for collection has no bearing on the question of whether Defendant sought to collect a debt not owed by Plaintiff. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").  Subject to and without waiving the foregoing objection, insofar as this statement is immaterial, it is not disputed that USAM placed a debt purportedly owed to Verizon with Defendant for collection.

9.       EOS sent its initial collection letter to Plaintiff on October 9, 2017, seeking to collect the total balance due of $1,457.19. Ribeiro Decl. ¶ 6 & Ex. F at EOS 0001; Ex. G at EOS 0033-0034; Ribeiro Dep. at 27:17- 28:13.

> **Response:**  Disputed.  The letter annexed as Exhibit G to the Ribiero Decl. was addressed to an individual residing at 60 Henry Avenue, Apt. A, Palisades Park, NJ  07650, and Plaintiff never resided at that address.  *Oh Decl.* at ¶ 6. Therefore, the "initial collection letter" was not sent to Plaintiff.  Further, the underlying invoices relied upon by Defendant show that the charges relate to an internet, TV and landline package for services provided to the Henry Avenue address (*Dkt. Nos.* 21-3, 21-4, 21-12) and Plaintiff never resided at such address.

10.       On March 2, 2018, EOS called Plaintiff's number and spoke with a male who claimed to be Plaintiff. Ribeiro Dep. at 45:21-46:10; Ex. F at EOS 0007.

5

The person disputed the debt. Ribeiro Dep. at 46:4-22 & Ex. F at EOS 0007.

> **Response**: Partially disputed. It is not disputed that Defendant called Plaintiff's cellular telephone number (not associated with Verizon) on March 2, 2018 and spoke with Plaintiff's husband, and that Plaintiff's husband disputed the debt. The statement is disputed to the extent that it is intended to suggest that the alleged debt was an obligation of Plaintiff. The underlying invoices relied upon by Defendant show that the charges relate to an internet, TV and landline package for services provided to the Henry Avenue address (*Dkt. Nos.* 21-3, 21-4, 21-12) and Plaintiff never resided at such address. *Oh Decl.* at ¶ 6.

11.    Thereafter, EOS mailed a letter dated March 25, 2019, to Plaintiff (the "Letter"). ECF 1 at Ex. 1; Ribeiro Decl. at ¶ 8 & Ex. H.[1]

> **Response:** Not disputed.

12.    The Letter acknowledge [sic.] the verbal dispute of the Account that EOS received and requested information from Plaintiff in order to investigate the dispute. Ribeiro Decl. Ex. H. To facilitate this, page 2 of the Letter is a blank "Affidavit of Forgery." Id.

> **Response:** Objection. This statement is not a statement of fact, but merely references an exhibit which is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination. Subject to and without waiving the foregoing objection, insofar as this statement is immaterial, it is not disputed that Defendant sent a letter to Plaintiff dated March 25, 2019, at Plaintiff's actual address: 755 Hamilton

---

[1]    Plaintiff attached a true and correct copy of the first of two pages of the Letter to her complaint. ECF 1 at Ex. 1. EOS provides both pages of the letter as Ribeiro Decl. Exhibit H

Avenue, Ridgefield, NJ 07657.

13.     The Letter explained that for EOS to resolve Plaintiff's dispute, it needed to "receive the completed copy of the attached affidavit (accompanied by any supporting documentation outlined within). Doing so may result in finding that you are not responsible for payment on this account." Id.

> **Response:** Objection. This statement is not a statement of fact, but merely references an exhibit which is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

14.     Further, the Letter stated "If we have not received your documentation by 05/24/19, your claim will be closed and you will be held responsible for payment of all charges billed to your account." Id. & ECF 1 at ¶ 33.

> **Response:** Objection. This statement is not a statement of fact, but merely references an exhibit which is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

15.     Plaintiff was deposed, with the assistance of a Korean Interpreter, on January 28, 2021. Pl. Dep. at 2:1-22.

> **Response**: Objection. This is not a statement of fact but, rather, is argument and need not be responded to. Subject to and without waiving the foregoing objection, insofar as this statement is not material, it is not disputed that

7

Plaintiff appeared for a deposition on January 28, 2021.

16.    Plaintiff completed high school in Busan, South Korea and came to the United States in 2009. Id. at 10:20-11:6.

**Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as Plaintiff's educational background has no bearing on the question of whether Defendant sought to collect a debt not owed by Plaintiff. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Subject to and without waiving the foregoing objection, insofar as this statement is immaterial, this statement is not disputed.

17.    When Plaintiff was shown Exhibit 3A, a Verizon invoice from the Account dated July 13, 2015, she recognized her name on the invoice but denied ever having a Verizon account. Id. at 44:12-24 & Dep. Ex. 3A.

**Response**: Not disputed.

18.    Asked if she called her family in Korea, Plaintiff answered that she does not call them there, rather she uses "talk or web." Pl. Dep. at 47:3-48:24. Despite Plaintiff's assertion, a review of every call appearing in the monthly Account invoices from May 13, 2015, through September 13, 2015, was placed to a number in South Korea. Verizon Decl. Ex. C.

**Response:** Objection. This is not a "material fact" within the meaning of Rule

56, insofar as the fact that the referenced invoices shows that calls were made to unidentified numbers in South Korea has no bearing on the question of whether Defendant sought to collect a debt not owed by Plaintiff. At best, it is a coincidence.  Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Subject to and without waiving the foregoing objection, it is not disputed that Plaintiff testified she used "talk or web" to contact friends or family in South Korea.

19.     When asked about the complaint in this action, Plaintiff stated that due to her lack of English skills, "I cannot even read it," she "could not remember about it" and that she could not read a document that is not in her native Korean language. Id. at 27:6-15; see also id. at 64:4-7 (Pl. does not "really open letters that much, because I don't understand everything that well"); 75:7-10 (Pl. was unable to read a document because it was in English).

> **Response**: Objection.  This is not a statement of fact but, rather, is argument and need not be responded to.  Plaintiff further objects to this statement on the grounds that she does not understand what is being alleged.  Subject to and without waiving the foregoing objection, insofar as this statement is immaterial, it is not disputed that Plaintiff testified to having trouble reading documents in English.

20.     Shown a copy of the Letter at issue (Pl. Dep. Ex. 4F), Plaintiff did not remember it and said that she had not seen it before, but did recognize her name and her correct mailing address thereon. Pl. Dep. 64:16-65:23.

> **Response**: Objection.  This is not a statement of fact but, rather, is argument

and need not be responded to.  Subject to and without waiving the foregoing objection, it is not disputed that Plaintiff recognized her name and address on the letter sent to her at her actual address of 755 Hamilton Avenue, Ridgefield, NJ 07657.  The statement is disputed to the extent that it is intended to suggest that she recognized any letters sent to 60 Henry Avenue, Apt. A, Palisades Park, NJ 07650, insofar as Plaintiff never lived at this address. *Oh Decl.* at ¶ 6.

21.     On or about December 21, 2000, Plaintiff's attorney Craig B. Sanders served a subpoena upon Verizon Communication, Inc., requesting the production of all documents and communications sent to Plaintiff concerning her account ending in 0001-89. Verizon Decl. ¶ 7. A copy of this subpoena is attached to the Verizon Declaration as Exhibit D. Id.

**Response**: Objection.  This is not a statement of fact but, rather, is argument and need not be responded to.  Subject to and without waiving the foregoing objection, it is not disputed that Plaintiff's undersigned counsel served the referenced subpoena on Verizon.

22.     Verizon Communications, Inc. responded to the subpoena via fax on December 22, 2020. Id. at ¶ 8. A copy of this response is attached to the Verizon Declaration as Exhibit E (as redacted). Id.

**Response**: Objection.  This is not a statement of fact but, rather, is argument and need not be responded to.  Subject to and without waiving the foregoing objection, it is not disputed that Verizon provided the referenced response to the subpoena duly served.

23.     The response indicates that Verizon Communications, Inc. was not

able to identify any documents, records or other materials responsive to Mr. Sanders'

request, based upon the information provided. Id. The response further indicates that

there were no accounts found for the provided account number. Id.

**Response:** Not disputed.

24.    Verizon Communications, Inc.'s response was incorrect as the

representative working the subpoena did not see the account because it no longer

belonged to Verizon. Id. at ¶ 9.

> **Response:** Disputed.   This statement is not supported by evidence in
> admissible form, to the extent that it relies on the Declaration of Meryl
> Friedman for the contention that Verizon's response to the subpoena was
> incorrect.   This statement is not disputed to the extent that the Friedman
> Declaration affirmatively states that Verizon is not in possession of any
> records pertaining to this account.  *Friedman Decl.* at ¶ 2.  Therefore, the
> Friedman Declaration lacks any foundation for making any representation to
> the contrary.

25.    Upon further review of its records, Verizon Wireless did identify the

account at issue, as Exhibits A-C document. Id.

> **Response**: Disputed.  The Friedman Declaration affirmatively states that
> Verizon is not in possession of any records pertaining to this account.
> *Friedman Decl.* at ¶ 2.  Therefore, the Friedman Declaration lacks any
> foundation for making this statement.

26.    Thus, contrary to the erroneous response provided to Mr. Sanders,

there was in fact a Verizon Wireless account held by Plaintiff and assigned an

11

account number ending in 0001-89. Id.

> **Response**: Disputed.  The Friedman Declaration affirmatively states that Verizon is not in possession of any records pertaining to this account. *Friedman Decl.* at ¶ 2.  Therefore, the Friedman Declaration lacks any foundation for the contention that Verizon's response to the subpoena was erroneous.  The statement is further disputed to the extent that it contends that the account at issue was held by Plaintiff.  The underlying invoices relied upon by Defendant show that the charges relate to an internet, TV and landline package for services provided to the Henry Avenue address (*Dkt. Nos.* 21-3, 21-4, 21-12) and Plaintiff never resided at such address.  *Oh Decl.* at ¶ 6.

**BARSHAY SANDERS, PLLC**

Dated: July 6, 2021

    /s  Craig B. Sanders

Craig B. Sanders, Esq.
100 Garden City Plaza, Fifth Floor
Garden City, New York 11530
Telephone: (516) 203-7600
csanders@barshaysanders.com
*Attorneys for Plaintiff*