**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Seung Eun Oh, individually and on
behalf of all others similarly situated,

                              Plaintiff(s), Docket No: 2:20-cv-01937-KM-ESK

             -against-

Collecto, Inc. d/b/a EOS CCA,

                   Defendant(s).

## DEFENDANT COLLECTO, INC. D/B/A EOS CCA'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant, Collecto Inc. d/b/a EOS CCA ("EOS"), by and through undersigned counsel, by and through its counsel, Gordon Rees Scully Mansukhani, LLP, hereby submits the following Answers and Objections to Plaintiff, Seung Eun Oh's, First Set of Requests for Admissions addressed to EOS, as follows:

### PRELIMINARY STATEMENT

As to each and every requests contained in Plaintiff's Request for Admission, EOS states the following:

1. These responses are made pursuant to the Federal Rules of Civil Procedure and are based upon information presently known by EOS. It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions. EOS reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and

variations to these responses as warranted thereby.  These responses are made in a good faith effort to supply as much information and specification as is presently known, but shall not prejudice EOS in relation to further discovery, research or analysis.

2. Each response herein is subject to all objections an any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

3. EOS's identification of documents and/or providing information herein shall not be construed as an admission of EOS that any such document and/or information is either relevant or admissible for any purpose, including trial, in the above-referenced matter.

4. No incidental or implied admission are intended by the responses made herein.  The fact that EOS has answered or objected to any Request is not an admission that EOS admits the existence of any "facts" set forth or assumed by such request.

**ANSWER AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

**REQUEST NUMBER 1:** Plaintiff is a natural person.

**RESPONSE:  Admitted.  Upon information and belief, EOS admits that Plaintiff is a natural person.**

**REQUEST NUMBER 2:** On the date the Collection Letter was sent to Plaintiff, Defendant alleges Plaintiff was obligated to pay the Debt.

**RESPONSE:  Admitted in part and denied in part.  EOS admits only that it sent a letter to Plaintiff on March 25, 2019 in response to Plaintiff's dispute of the debt alleging fraud.  The March 25, 2019 letter was sent along with an Affidavit seeking information from Plaintiff to assist EOS in the investigation of the dispute based on fraud.  Unless otherwise admitted, EOS denies the remainder of this Request.**

**REQUEST NUMBER 3:** Based upon the facts known to Defendant, Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

**RESPONSE:  Admitted.  EOS admits that Plaintiff is a "consumer" as defined in the FDCPA as she was obligated to fulfill her unpaid debt obligation at all times relevant in this litigation.**

**REQUEST NUMBER 4:** Based upon the facts known to Defendant, the Debt was an obligation to pay money arising out of a transaction primarily for personal, family or household purposes.

**RESPONSE:  Denied.  EOS lacks sufficient knowledge, information, or belief as to whether Plaintiff's original debt to Verizon was incurred primarily for personal, family, or household purposes, and thus denies this Request accordingly.**

**REQUEST NUMBER 5:** Based upon the facts known to Defendant, the Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

**RESPONSE: Denied. EOS lacks sufficient knowledge, information, or belief as to whether Plaintiff's original debt to Verizon was incurred primarily for personal, household, or family purposes, and is thus unable to determine whether Plaintiff's debt is a "debt" as defined in the FDCPA. EOS denies this Request accordingly.**

**REQUEST NUMBER 6:** Defendant regularly collects money owed to others.

**RESPONSE: Admitted in part and denied in part. EOS admits that, at times, it collects on valid and delinquent debt obligations owed to another. Unless otherwise admitted, EOS denies the remainder of this Request.**

**REQUEST NUMBER 7:** Defendant regularly attempts to collect money owed to others.

**RESPONSE: Admitted in part and denied in part. EOS admits that, at times, it attempts to collect on valid and delinquent debt obligations owed to another. Unless otherwise admitted, EOS denies the remainder of this Request.**

**REQUEST NUMBER 8:** Defendant uses the mail in its attempts to collect money owed to others.

**RESPONSE: Admitted in part and denied in part. EOS admits that, at times, it uses the mail when it collects on defaulted consumer debts owed to another. Unless otherwise admitted, EOS denies the remainder of this Request.**

**REQUEST NUMBER 9:** Defendant uses telephones in its attempts to collect money owed to others.

**RESPONSE: Admitted in part and denied in part. EOS admits that, at times, when it attempts to collect on defaulted consumer debts owed to another, it uses the telephone.**

**REQUEST NUMBER 10:** Defendant uses email in its attempts to collect money owed to others.

**RESPONSE: Denied. EOS denies the use of email in its collection efforts.**

**REQUEST NUMBER 11:** The principal purpose of Defendant's business is the collection of money owed to others.

**RESPONSE: Admitted in part and denied in part. EOS admits that, at times, it attempts to collect on defaulted consumer debts owed to another. EOS denies use of the term "principal purpose." Unless otherwise admitted, EOS denies the remainder of this Request.**

**REQUEST NUMBER 12:** Based upon the facts known to Plaintiff, Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

**RESPONSE: Admitted in part and denied in part. EOS admits that, at times, it collects on defaulted consumer debts owed to another, and in those instances, it is a "debt collector" as defined in the FDCPA. Unless otherwise admitted, EOS denies the allegations in this Request.**

**REQUEST NUMBER 13:** Defendant sent the Collection Letter to Plaintiff.

**RESPONSE: Admit in part and denied in part. EOS admits only that it sent a letter to Plaintiff on March 25, 2019 in response to Plaintiff's dispute of the debt alleging fraud. The March 25, 2019 letter was sent along with an Affidavit seeking information from Plaintiff to assist EOS in the investigation of the dispute based on fraud. EOS denies the March 25, 2019 letter was a "Collection Letter". EOS denies use of the term "Collection Letter."**

**REQUEST NUMBER 14:** Defendant sent the Collection Letter to Plaintiff in an effort to collect money from Plaintiff.

**RESPONSE: Denied. EOS admits only that it sent a letter to Plaintiff on March 25, 2019 in response to Plaintiff's dispute of the debt alleging fraud. The March 25, 2019 letter was sent along with an Affidavit seeking information from Plaintiff to assist EOS in the investigation of the dispute based on fraud.**

**REQUEST NUMBER 15:** Based upon the facts known to Defendant, the Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

**RESPONSE: Admitted. EOS admits only that the March 25, 2019 letter and Affidavit to Plaintiff in response to Plaintiff's dispute of the debt alleging fraud was a "communication" as defined in the FDCPA as it directly conveyed to Plaintiff information about her defaulted debt.**

**REQUEST NUMBER 16:** The Collection Letter annexed to the Complaint is a true and accurate copy, sans redactions, of a letter Defendant sent to Plaintiff.

**RESPONSE: Admitted in part and denied in part. EOS admits only that it sent a letter and Affidavit to Plaintiff on March 25, 2019 in response to Plaintiff's dispute of the debt alleging fraud. The March 25, 2019 letter was sent along with an Affidavit seeking information from Plaintiff to assist EOS in the investigation of the dispute based on fraud. EOS denies the March 25, 2019 letter was a "Collection Letter". EOS denies use of the term "Collection Letter."**

**REQUEST NUMBER 17:** The Collection Letter annexed to the Complaint is a true and accurate copy, sans redactions, of the first letter Defendant sent to Plaintiff.

**RESPONSE: Denied. The first collection EOS sent to Plaintiff was on October 9, 2017. EOS further denies this request as the letter annexed to the Complaint is a letter and Affidavit sent to Plaintiff in response to Plaintiff's dispute of the debt alleging fraud. The March 25, 2019 letter was sent along with an Affidavit seeking information from Plaintiff to**

**assist EOS in the investigation of the dispute based on fraud.  EOS denies the March 25, 2019 letter was a "Collection Letter".  EOS denies use of the term "Collection Letter."**

**REQUEST NUMBER 18:** The credit agreement concerning the Debt provided for the accrual of interest on any unpaid balance.

**RESPONSE:  Denied.**

**REQUEST NUMBER 19:** Defendant required Plaintiff to provide an affidavit in order to respond to Plaintiff's notice of dispute and demand for verification of the Debt.

**RESPONSE: Denied. EOS denies Plaintiff's attempt to mischaracterize the language in its March 25, 2019 collection letter as it is a writing that speaks for itself.**

**REQUEST NUMBER 20:** Defendant required Plaintiff to provide supporting documentation in order to respond to Plaintiff's notice of dispute and demand for verification of the Debt.

**RESPONSE:  Denied. EOS denies Plaintiff's attempt to mischaracterize the language in its March 25, 2019 collection letter as it is a writing that speaks for itself.**

**REQUEST NUMBER 21:** Defendant advised Plaintiff that should Plaintiff fail to provide the requested affidavit that Plaintiff's notice of dispute and demand for verification of the Debt would be closed on May 24, 2019.

**RESPONSE: Denied.  EOS denies Plaintiff's attempt to characterize the language in its March 25, 2019 collection letter as it is a writing that speaks for itself.**

**REQUEST NUMBER 22:** Defendant advised Plaintiff that should Plaintiff fail to provide the requested supporting documentation that Plaintiff's notice of dispute and demand for verification of the Debt would be closed on May 24, 2019.

**RESPONSE: Denied.  EOS denies Plaintiff's attempt to characterize the language in its March 25, 2019 collection letter as it is a writing that speaks for itself.**

**REQUEST NUMBER 23:** Defendant never provided Plaintiff with a verification of the Debt or a copy of a judgment against Plaintiff.

**RESPONSE:  Denied.  EOS provided Plaintiff with a verification of her outstanding debt on February 11, 2019.**

**REQUEST NUMBER 24:** Defendant continued to attempt to collect the Debt between March 25, 2019 and May 24, 2019.

**RESPONSE:  Denied.**

**REQUEST NUMBER 25:** Defendant continued to attempt to collect the

Debt after May 24, 2019.

**RESPONSE:  Denied.**

**REQUEST NUMBER 26:** Defendant reported the Debt to Experian.

**RESPONSE: Denied.**

 **REQUEST NUMBER 27:** Defendant reported the Debt to

TransUnion.

**RESPONSE:  Denied.**

**REQUEST NUMBER 28:** Defendant reported the Debt to Equifax.

**RESPONSE:  Denied.**

**REQUEST NUMBER 29:** Defendant never advised any of the credit bureaus

that Plaintiff disputed the Debt.

**RESPONSE: Denied.**

**REQUEST NUMBER 30:** Defendant never advised any of the credit bureaus

of its failure to provide Plaintiff with a verification of the Debt or a copy of a

judgment against Plaintiff.

**RESPONSE:  Denied. EOS sent plaintiff a validation on February 11,**

**2019.  EOS denies there was a judgment against Plaintiff.**

**REQUEST NUMBER 31:** The credit agreement concerning the Debt provided for the accrual of late fees for any missed payments.

**RESPONSE:  Denied.**

**REQUEST NUMBER 32:** There are more than 40 individuals with addresses within New Jersey who would be part of a class if the class were defined as suggested in the Complaint.

**RESPONSE:  Denied.  EOS denies that sufficient numerosity exists in this matter so as to warrant class certification.**

Dated: May 20, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Lori J. Quinn

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Seung Eun Oh, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against-<br><br>Collecto, Inc. d/b/a EOS CCA,<br><br>Defendant(s). | Civil Case No.: 2:20-cv-01937-KM-ESK |

## CERTIFICATE OF SERVICE

I, Lori J. Quinn, Esquire, hereby certify that on May 20, 2020 a true and correct copy of Defendant Collecto, Inc. d/b/a EOS CCA's Response to Plaintiff's First Set of Requests for Admissions has been served upon all counsel for plaintiff via electronic mail at the following:

> Craig B. Sander, Esq.
> Barshay Sanders, PLLC
> 100 Garden City Plaza, Suite 500
> Garden City, New York 11530
> csanders@barshaysanders.com

GORDON REES SCULLY MANSUKHANI

BY: _Lori J. Quinn_____
       Lori J. Quinn