**GORDON REES SCULLY MANSUKHANI, LLP**
Lori J. Quinn
Matthew B. Johnson
One Battery Park Plaza, 28th Fl.
New York, New York 10004
Phone: 212.453.0758
Facsimile: 212.269.5505
ljquinn@grsm.com
mbjohnson@grsm.com
*Attorneys for Defendant Collecto, Inc., d/b/a EOS CCA*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SEUNG EUN OH,** *individually and on behalf of all others similarly situated,* <br><br> **Plaintiff,** <br><br> v. <br><br> **COLLECTO, INC., d/b/a EOS CCA,** <br><br> **Defendant.** | **Case No. 20-cv-01937-KM-ESK** |

**DEFENDANT'S REPLY IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, defendant Collecto, Inc., d/b/a

EOS CCA ("EOS") respectfully submits its Reply in Support of its

Motion for Summary Judgment as to all claims raised by Plaintiff

Seung Eun Oh ("Plaintiff") and requests that this action be dismissed with prejudice.

## I.      INTRODUCTION

Summary judgment in favor of EOS is appropriate because Plaintiff has failed to establish a concrete injury such that she lacks standing. In addition, Plaintiff cannot show she was deceived by a collection letter that she did not read and even if she had read the letter, it is not false, deceptive or misleading as a matter of law.

Further, although Plaintiff's complaint alleges claims concerning a collection letter that EOS mailed to her, Plaintiff has abandoned those claims in her Response in Opposition to EOS' Motion for Summary Judgment. Plaintiff chose instead to focus on whether EOS established that Plaintiff owed the debt at issue and the harms she alleges to have suffered from EOS' collection efforts. *Compare* ECF 1 at ¶¶ 32-36 (alleging that the letter Plaintiff received was deceptive in violation of 15 U.S.C. § 1692e) *with* ECF 29 at § II ("Plaintiff … is not complaining of a technical violation in the letter but … that the entirety of Defendant's collection and reporting of the Debt concretely harmed her financially and reputationally [sic]").

In so doing, Plaintiff has failed to address EOS' arguments that Plaintiff could not be misled by a letter she did not read (ECF 22 at V(B)) and that the letter was not misleading or deceptive in any event (*Id.* at V(C)). As Plaintiff has waived her opposition those claims, they are deemed abandoned. Thus, summary judgment in favor of EOS is appropriate as to all claims Plaintiff asserts regarding the letter at issue—which is to say, all claims Plaintiff has properly brought before the Court.

## II.   LEGAL ARGUMENT

### A.   Plaintiff Lacks Article III Standing

Plaintiff lacks standing because she is unable to show that she has suffered a concrete injury that is "real and not abstract" arising out of a collection letter (the "Letter")[1] she did not read. Apparently recognizing this, Plaintiff attempts to muster a standing argument by asserting, contrary to the allegations of her complaint, that her claims concern the entirety of EOS' collection and credit reporting

---

[1] A true and accurate redacted copy of a portion of the Letter at issue, dated March 25, 2019, is attached to Plaintiff's Complaint as Exhibit 1. ECF 1 at Ex. 1. Missing is the affidavit that the Letter represents was attached thereto. A complete copy as redacted, including the affidavit, is attached as Exhibit H to the Ribeiro Declaration (ECF 21-10).

efforts. *See* ECF 29 at § II. These efforts, however, are impermissible under the Federal Rules of Civil Procedure.

The only claims at issue, for purposes of this Motion for Summary Judgment, are those Plaintiff actually asserts in the complaint. "A plaintiff 'may not amend [their] complaint through arguments in [their] brief in opposition to a motion for summary judgment.'" *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *see also HFGL Ltd. v. Alex Lyon & Son Sales Managers & Auctioneers, Inc.,* 700 F. Supp. 2d 681, 683 n.7 (D.N.J. 2010) ("Plaintiffs cannot amend their pleadings in a summary judgment motion") (citations omitted)).

Plaintiff's complaint addresses only the Letter, which provides that it was sent in response to a dispute from Plaintiff and asks that Plaintiff return "the attached affidavit" with "any supporting documentation outlined within." ECF 1 at Ex. 1. The Letter goes on to state: "If we have not received your documentation by 05/24/19, your claim will be closed and you will be held responsible for payment of all charges billed to your account." *Id.* at ¶ 33 & Ex. 1. Plaintiff asserts that this sentence would lead a consumer to believe that if

4

she could not provide the requested information, she could be sued on the debt, and further that the statement is deceptive in violation of 15 U.S.C. § 1692e and various subsections thereof. *Id.* at ¶¶ 33-41. As Plaintiff has not sought to amend her complaint pursuant to Fed. R. Civ. P. 15(a), the claims asserted in her original complaint are the only claims she may assert.

Plaintiff attempts to bolster her claim to standing by proffering her declaration in support of her opposition to the present motion, swearing under penalty of perjury to "facts" that conflict with her deposition testimony. Such a statement is referred to as a "sham affidavit," defined as "a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). "A sham affidavit cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant." *Id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

Plaintiff's declaration, at odds with her deposition testimony, asserts that she "filed this case after I received a letter from

Defendant dated March 25, 2019, seeking to collect a debt they said I once owed to Verizon" and that she "was confused by the letter" because she did not owe the debt (ECF 32 at ¶¶ 3-4). These assertions stand in direct contrast to her deposition testimony, provided under oath and given with the assistance of an interpreter of the Korean language, in which Plaintiff admitted that she could not read a document that is not in her native Korean language (ECF 21-12 at 27:6-15), that she did not remember the Letter and had not seen it before (ECF 21-12  at 64:16-65:23). Although a court may consider the contents of a sham affidavit if the affiant offers a "satisfactory explanation" for the conflict between the deposition testimony and the affidavit (*Jiminez,* 503 F.3d at 254), Plaintiff offers no explanation whatsoever. In this context, the contrary statements in Plaintiff's affidavit may be afforded no weight. As such, the parties return to the status quo ante as set forth in EOS' opening brief, in which the evidence established that Plaintiff never read the Letter.

The Supreme Court recently had the opportunity to assess a question of relevance to whether an unread collection letter can give rise to a claim of concrete injury for purposes of assessing Article III standing. In *TransUnion LLC v. Ramirez,* the Court assessed whether

certain putative class members in a Fair Credit Reporting Act case possessed standing when they, like Plaintiff, had not suffered any concrete harm. *TransUnion LLC v. Ramirez,* No. 20-297, 2021 WL 2599472 (U.S. June 25, 2021). The Court answered in the negative. The same result should obtain here.

The *TransUnion* Court addressed two types of members of a plaintiff class: one group whose consumer credit histories contained erroneous and damaging information that had been published by consumer reporting agencies to third parties; a second group whose files contained the same information but were never published. *Id.* at *11. The Court quickly determined that the first group possessed standing to bring suit, as the publication of damaging information to third parties had resulted in a concrete injury in fact. *Id.* The second group of plaintiffs, asserting that the mere presence of the information in their files gave rise to a concrete injury, presented a closer question. *Id.*

Recognizing that "Article III standing requires a concrete injury even in the context of a statutory violation" (*id.* at *8 (quoting *Spokeo, Inc. v. Robins,* 578 U.S. 330, 341 (2016))), the Court observed that "under Article III, an injury in law is not an injury in fact" such that

only those "who have been *concretely harmed* by a defendant's statutory violation may sue" in federal court. *Id.* Looking to American legal history, the Court noted that the "'retention of information lawfully obtained, without further disclosure, traditionally has not provided the basis for a lawsuit in American courts.'" *Id.* (quoting *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016)). Thus, the Court concluded that "the mere existence of inaccurate information in a database," without publication, "is insufficient to confer Article III standing." *Id.*

Just as unpublished inaccurate information stored in a database cannot provide a basis for Article III standing, neither can an allegedly deceptive collection letter that goes unread. An unread letter, no matter how misleading, cannot cause a concrete harm to anyone. The Court described such a harm as "roughly the same, legally speaking, as if someone wrote a defamatory letter and then stored it in her desk drawer. A letter that is not sent does not harm anyone, no matter how insulting the letter is." *Id.* at *12.

Applying that logic to the present case, Plaintiff, who cannot read documents written in English, did not remember the Letter and stated that she had not seen it before, similarly cannot be harmed by

the Letter's contents. Having suffered no concrete injury, Plaintiff is attempting to do what even her counsel recognizes she cannot – "proceed in federal court where she is 'merely seeking to ensure a defendant's compliance with regulatory law.'" ECF 29 at II (quoting *TransUnion*, 2021 WL 2599472, at *8) (some internal quotation marks omitted)). As Plaintiff cannot plausibly argue that she was confused, distressed or that she relied on the Letter in any way, she cannot establish standing. *See TransUnion*, 2021 WL 2599472, at *15 (no harm may be suffered from unopened mailings) (citing *TransUnion v. Ramirez*, 951 F.3d 1008, 1039, 1041 (9th Cir. 2020) (opinion of McKeown, J.)). As Plaintiff cannot establish a concrete and real harm, she cannot satisfy the standing requirement of Article III such that the Court lacks jurisdiction to hear her claims.

> **B. Plaintiff has Waived the Right to Relief as to Arguments She Failed to Address in her Opposition**

By failing to address two of the three main arguments EOS advanced in its opening brief, Plaintiff has abandoned the claims that those arguments address. *Borough of Edgewater v. Waterside Constr., LLC*, No. 14-cv-5060, 2021 WL 2680148, at *14 (D.N.J. June 30, 2021) (citing *leisure Pass N. Am., LLC v. Leisure Pass Grp.,*

9

*Ltd.*, No. 2:12-cv-03375 WJM, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) ("Plaintiff has waived its opposition to this argument by failing to respond to it"); *Arconic Inc. v. Novelis Inc.*, No. 17-cv-1434, 2019 WL 5802365, at *5 (W.D. Pa. Sept. 6, 2019) ("[A] party's failure to dispute an argument in its opposition brief constitutes waiver of the right to relief") (internal quotation marks omitted). Plaintiff fails to address the following arguments: (1) that Plaintiff could not be misled by a letter she did not read; and (2) that even if Plaintiff had read the Letter, it was neither misleading nor deceptive such that Plaintiff fails to state a claim under 15 U.S.C. § 1692e or any subsection thereof. *See* ECF 22 at § V(B)-(C). As Plaintiff has abandoned the only claims she asserts in her complaint, summary judgment in favor of EOS is proper.

### C.   Plaintiff Fails to Establish that Questions of *Material* Fact Remain.

Plaintiff cannot prevail against EOS' motion for summary judgment because she is unable to show that any genuine issue of material fact remains. To withstand summary judgment, the party opposing summary judgment must show that "a disputed fact exists which might affect the outcome of the suit under controlling

substantive law." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In an effort to stave off summary judgment, Plaintiff asserts that questions of fact remain: Namely, "whether the alleged Debt was actually owed by Plaintiff," an argument that Plaintiff notes EOS "all but ignores." ECF 29 at § III. Indeed, EOS provided facts regarding the account's purchase and placement for collection simply as background to set up its main arguments concerning standing, whether a letter not read could misled Plaintiff and whether the Letter is in fact deceptive at all, because these arguments address the claims asserted in Plaintiff's Complaint. *See* ECF 1 at ¶¶ 32-41.

The questions of fact raised by Plaintiff are not material as whether they are answered in the positive or the negative, they could not affect the outcome of the suit under controlling substantive law. Plaintiff's Complaint makes no allegation that EOS attempted to collect a debt she did not owe, and, as noted above, Plaintiff cannot expand her complaint to address "the entirety of Defendant's collection and reporting of the Debt" through her response in opposition to the present motion. ECF 29 at § II. Thus, as Plaintiff's Complaint does not even mention that she disputed the debt or that

11

EOS reported the debt to a consumer reporting agency, facts regarding whether Plaintiff owed the debt or suffered some alleged harm from the reporting of her account are not material to her claims.

In an effort to show that the facts of the case present claims other courts have recognized, Plaintiff cites multiple cases in which courts have found that misstating the existence of a debt obligation may violate the FDCPA. *See generally* ECF 29 at § III. Even if this is true, Plaintiff's Complaint makes no allegation that EOS misstated the existence of her debt obligation, rendering facts going to that issue immaterial to the present action. *See* ECF 1 at ¶¶ 32-41.

A review of all cases cited by Plaintiff in support of the argument that efforts to collect or report a debt not owed violate the FDCPA reveals that in each case the plaintiff asserted a claim for attempting to collect or report a debt not owed. *See* Second Quinn Declaration at Ex. I (*Escobar v. Midland Credit Mgmt.*, No. 3:18-cv-819 (MPS), 2019 WL 3751486 (D. Conn. Aug. 8, 2019) (ECF 18 at ¶¶ 22-24) (complaint alleging that collector reported a satisfied debt in violation of the FDCPA)); Ex. J (*Henderson v. Gen. Revenue Corp.,* No. 7:17CV00292, 2019 WL 4148172 (W.D. Va. Aug. 30, 2019) (ECF 110 at ¶¶ 78-89) (complaint alleging that collector attempted to collect an

amount not legally permitted to be collected)); Ex. K (*Raytman v. Jeffrey G. Lerman, P.C.,* No. 17-cv-9681 (KPF), 2018 WL 5113952 (S.D.N.Y. Oct. 19, 2018) (ECF 7 ¶¶ 9-10) (complaint alleging attempt to collect debt not owed)); Ex. L (*Sanchez v. Ehrlich,* No. 16-cv-8677 (LAP), 2018 WL 2084147 (S.D.N.Y. Mar. 29, 2018) (ECF 1 at ¶¶ 51) (complaint alleging attempt to collect an amount not authorized by the underlying agreement or law)); Ex. M (*Wong v. Alternative Claims Mgmt., LLC,* No. 17-cv-3133 (ER), 2017 WL 5635533 (S.D.N.Y. Nov. 22, 2017) (ECF 17 at ¶¶ 27-32) (complaint alleging collector attempted to collect debt not owed)).[2] This shows that although a court may recognize an FDCPA plaintiff's claim regarding efforts to collect a debt not owed, courts do so only when the plaintiff actually asserts such a claim in her complaint. As Plaintiff has failed assert claims regarding whether she owed the debt or whether EOS improperly reported her debt, any facts going to such claims would not affect the outcome of the suit under controlling substantive law. In short, they are not material facts in dispute that could bar the entry of summary judgment in favor of EOS.

---

[2] A copy of each operative complaint from each cases cited by Plaintiff in support of this particular argument are attached to the Second Quinn Declaration as Exhibits I-M for ease of reference.

## III.  CONCLUSION

Plaintiff has not put forth evidence to meet her burden to establish Article III standing. Even if she were able to do so, however, Plaintiff failed to address EOS' arguments that she cannot assert a claim for a letter she did not read and that the Letter is not violative in the context of 15 U.S.C. § 1692e such that these claims are deemed abandoned. Finally, the facts Plaintiff argues remain in dispute are not material such that they are insufficient to defeat the present motion. Therefore, EOS respectfully requests that the Court dismiss all Plaintiff's claims with prejudice and award any other and further relief to EOS as the Court deems just and equitable.

Dated:    New York, NY          Respectfully Submitted,
          July 9, 2021

**GORDON REES SCULLY MANSUKHANI, LLP**

Lori J. Quinn
Matthew B. Johnson
One Battery Park Plaza, 28th Fl.
New York, New York 10004
Phone: 212.453.0758
Facsimile: 212.269.5500
ljquinn@grsm.com
mbjohnson@grsm.com
*Attorneys for Defendant*
*Collecto, Inc. d/b/a EOS CCA*