# Exhibit I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE RAMIREZ ESCOBAR, | ) | Case No: 3:18-cv-00819-MPS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | **SECOND AMENDED COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Jose Ramirez Escobar ("Plaintiff"), by and through undersigned counsel, hereby

alleges against Midland Credit Management (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendant's violations of the Fair Debt

Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C.

§1692k (d).

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in Connecticut and is a

"consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant is a corporation that regularly does business in Connecticut with its principal place of business located at 2365 Northside Dr., #300, San Diego, California 92108, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

### FACTUAL STATEMENT

6.      The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers

7.      On a date better known to Defendant, Plaintiff incurred a credit card debt through personal use.

8.      Credit card debt is considered a "debt" as that term is used and defined under the FDCPA.

9.      Defendant Midland is a debt collector, the principal purpose of its business is to collect debts.

10.      In attempt to collect said debt, Midland voluntarily and continuously reported Plaintiff's debt to the credit reporting agencies.

11.      Because Midland's credit reporting collection attempts failed, Midland sent the debt to a third-party collector, London & London.

12.      Litigation was subsequently filed against Plaintiff by London & London.

13.      Through a check dated August 21, 2017, Plaintiff paid and settled the outstanding debt and the litigation was withdrawn. It was Plaintiff's understanding that by paying the debt, Plaintiff's credit report would no longer reflect that the debt is due and owing. Had Plaintiff known that Midland would continue reporting the debt as unpaid despite his payment, Plaintiff

would not have paid the debt in the first place, or would have negotiated substantially better terms.

14. On or about October 10, 2017, Plaintiff reviewed a trade line on his credit report placed by Midland Funding, LLC, Account Number 857452***** for the paid debt.

15. Plaintiff observed that Defendant Midland failed to report the trade line as paid with each of the credit bureaus in violation of the FDCPA.

16. Upon information and belief, after receiving August 21, 2017 payment, Midland continued to voluntarily report the debt as owed.

17. In the alternative, by failing to mark the debt as paid after receiving payment of the debt, Midland continued hurting Plaintiff's credit score and credit worthiness without any justifiable cause.

18. By continuing to report a delinquency, or alternatively allowing the debt to remain reporting as unpaid, Plaintiff's credit reputation suffered injury.

19. By making payment with the inherent understanding that once a debt is paid Plaintiff's credit report would reflect that he no longer owes money, Plaintiff suffered actual damages in the form of not getting the benefit that he bargained for within the settlement.

20. Plaintiff became frustrated and agitated after learning that Midland continued to represent to third parties that the debt was due and owing, while it was not in fact due and owing any longer. These actions by Midland caused Plaintiff mental anguish.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq.***

21. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

22.     Defendant Midland has knowingly reported false information to the credit bureaus concerning Plaintiff's debt in violation of 15 U.S.C. §§ 1692e, e(2), e(8) and e(10).

23.     Defendant Midland, through its agent, has allowed Plaintiff to believe that payment of the debt would be accurately reflected within his credit report. By allowing Plaintiff to believe this, yet continuing to report, or allowing the reporting of, the trade line as unpaid, Midland has violated  15 U.S.C. §§ 1692e and e(10).

24.     By allowing Plaintiff's credit to be harmed even after he made payment, and even though Plaintiff understood that the credit report would not continue to show a balance owing, Midland violated 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff, Jose Ramirez Escobar, respectfully requests that this Court do the following for the benefit of Plaintiff:

a.      Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b.      Enter a judgment against Defendant for statutory and actual damages, pursuant to 15 U.S.C. § 1692k;

c.      Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

d.       Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

25.     Plaintiff demands a jury trial on all issues so triable.

Dated this 24th of August, 2018.

Respectfully Submitted,


/s/ Daniel Zemel
Daniel Zemel, Esq.
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
T: 862-227-3106
DZ@zemellawllc.com
Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August 2018 a true and correct copy of the foregoing

document was sent to all counsel of record via the Court's ECF system.


/s/ Daniel Zemel
Daniel Zemel, Esq.